UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     **'O'**

| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) - PLAINTIFF'S MOTION TO REMAND (dkt. 9, September 14, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of October 19, 2015, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

Plaintiff Smith-Emery Company ("Smith-Emery") filed this action against defendant International Union of Operating Engineers Local No. 12 ("Local 12") on July 10, 2015 in the Los Angeles Superior Court, asserting one claim for intentional misrepresentation and fraud. Dkt. 1. On August 20, 2015, defendant Local 12 removed the action to this Court, purportedly on the basis of federal subject-matter jurisdiction under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, et seq. Id.

On September 14, 2015, plaintiff filed the instant motion to remand to state court, asserting a lack of subject-matter jurisdiction. Mot. to Remand. Defendants filed an opposition to plaintiff's motion on September 25, 2015, Dkt. 11, and plaintiff replied on October 5, 2015. Dkt 15. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

This action arises out of an alleged fraudulent misrepresentation of the scope of work coverage under a collective bargaining agreement between plaintiff Smith-Emery

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

and defendant Local 12 (the "CBA"). The complaint alleges that Smith-Emery is a California Corporation that employs building and construction inspectors to perform inspections of construction work. Compl. ¶ 5. Since 1969, Smith-Emery has employed a group of field inspectors represented by Local 12. Mot. to Remand at 4. Smith-Emery and Local 12 have been and continue to be parties to the CBA, which requires Smith-Emery to make contributions to various third-party trust funds ("the Trusts"). Id; Compl. ¶ 8. Smith-Emery's payments to the Trusts ultimately benefit Local 12's bargaining unit employees. Id. ¶ 14. The complaint further states that the particular amount of Smith-Emery's contributions to the Trusts is determined by work that is both performed by Local 12 employees and within the scope of the CBA between Smith-Emery and Local 12. Mot. to Remand at 4; Compl. ¶ 15.

     Independent of its relationship with Smith-Emery, Local 12 is also a party to a separate master labor agreement with other employers (the "Master Labor Agreement," or "MLA"), many of them Smith-Emery's competitors. Mot. to Remand at 4; Compl. ¶¶ 9-10. The MLA governs the contribution obligations of these other employers. Mot. to Remand at 4. Smith-Emery insists that (1) it has never been a signatory to the MLA, (2) it has no obligations under the MLA, and (3) it has always maintained a separate collective bargaining agreement with Local 12. Id. at 3. In its complaint, Smith-Emery alleges that at various times, Local 12 has tried to expand the scope of the CBA "to mirror the scope of covered work" as defined in the Master Labor Agreement, of which Smith-Emery is not a party. Compl. ¶ 13. Smith-Emery avers that it has repeatedly denied Local 12's proposals to expand the definition of work covered in the CBA. Id.

     The instant dispute between Local 12 and Smith-Emery has its roots in a 2009 lawsuit (the "2009 Action"). In the 2009 Action, the Trusts sued Smith-Emery for breach of contract resulting from Smith-Emery's alleged failure to make benefit contributions to the Trusts as agreed upon in the CBA. Mot. to Remand at 4-5. Smith-Emery alleges that during the course of the 2009 Action it learned that Local 12 had instructed the Trusts to "read [the CBA] to 'mirror' the master labor agreement." Compl. ¶ 18. Specifically, Smith-Emery alleges in the instant suit that Local 12 "misrepresented the definition of coverage under the CBA with [Smith-Emery]" to cover work classifications that were not defined in the CBA, but were covered under the MLA. Id. ¶¶ 19-21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | October 15, 2015 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

In its complaint, Smith-Emery contends that Local 12's misrepresentations regarding the scope of the CBA led the Trusts to sue Smith-Emery for alleged delinquent benefit contributions which, Smith-Emery insists, did not apply to Smith-Emery under the CBA. Compl. ¶ 22. Accordingly, in pursuing its claim for misrepresentation and fraud in the instant lawsuit, Smith-Emery seeks to recover from Local 12 damages, attorney's fees, and costs resulting from Smith-Emery's defense of the 2009 Action. Dkt. 1 at 5.

### III. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). In general, a federal district court has subject matter jurisdiction where a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are residents of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See, e.g., Deutsche Bank Nat'l Trust Co. v. Galindo, 2011 WL 662324, *1 (C.D. Cal. Feb.11, 2011) (explaining the two types of jurisdiction). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

### IV. DISCUSSION

#### A. Federal Question Jurisdiction

Smith-Emery contends that its state law claim for intentional misrepresentation and fraud arises exclusively from California law, exists independently of the CBA, is not preempted by Section 301 of the Labor Management Relations Act, and therefore does not invoke federal subject matter jurisdiction. See Mot. to Remand at 3. Under Section 301(a) of the Labor Management Relations Act, district courts have jurisdiction over claims arising from "violations of contracts between an employer and a labor organization representing employees in an industry." 29 U.S.C. § 185(a). Federal substantive law preempts state law in an action arising under Section 301 in order to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | October 15, 2015 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

further the interest in uniform federal interpretation of collective bargaining agreements. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209 (1985) ("[D]imensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute [so that] issues raised in suits of a kind covered by § 301 [are] to be decided according to the precepts of federal labor policy.") (citing Teamsters v. Lucas Flour Co., 369 U.S. 95, 103 (1962)). Accordingly, Section 301's preemptive force "has been broadly construed to cover most state law actions that require interpretation of labor agreements." Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1016 (9th Cir. 2000).

The Supreme Court has articulated a two-step inquiry for determining whether a state law claim is preempted under Section 301. Lueck, 471 U.S. at 212-13 (1985); see also Burnside v. Kiewit Pacific Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). The first inquiry involves determining "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, [and] not by a [collective bargaining agreement]." Burnside, 491 F.3d at 1059. "If the right exists solely as a result of the [collective bargaining agreement], then the claim is preempted, and our analysis ends there." Id. (citing Lueck, 471 U.S. at 212). However, if the right exists independently of the collective bargaining agreement, "we must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" Id. (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987)). Where the resolution of a state law claim is "substantially dependent upon analysis of the terms of [a collective bargaining agreement] made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted." Lueck, 471 U.S. at 220 (internal citations omitted).

Under the first inquiry, to determine whether a right is conferred upon by state law or by a collective bargaining agreement, the court must consider the "*legal* character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." Burnside, 491 F.3d at 1060 (citation omitted) (emphasis in original). "A claim brought in state court on the basis of a state-law right that is 'independent of rights under the collective-bargaining agreement,' will not be preempted, even if 'a grievance arising from "precisely the same set of facts" could be pursued.'" Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005) (quoting Livadas v. Bradshaw, 512 U.S. 107, 123

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

(1994)). Additionally, "reliance on the CBA as an aspect of a defense is not enough to 'inject[ ] a federal question into an action that asserts what is plainly a state-law claim.'" Burnside, 491 F.3d at 1060 (quoting Caterpillar, 482 U.S. at 398-99). Here, plaintiff Smith-Emery's claim is a state law claim for intentional misrepresentation and fraud, and accordingly does not "exist[] solely as a result of the [collective bargaining agreement]." Id. (citing Lueck, 471 U.S. at 212). However, our analysis does not end there, as we must also consider, under the second inquiry, whether the claim is substantially dependent upon analysis of the collective bargaining agreement. Id.

     Under the second inquiry, if resolution of a state law claim requires an interpretation of the terms of a collective bargaining agreement, then the claim is substantially dependent upon the collective bargaining agreement and is therefore preempted under Section 301. Burnside, 491 F.3d at 1060; Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 693 (9th Cir. 2001), cert. denied 534 U.S. 1078 (2002) . On the other hand, if the "meaning of contract terms is not the subject of dispute, the bare fact that a collective bargaining agreement will be consulted in the course of the state-law litigation" does not result in preemption. Livadas v. Bradshaw, 512 U.S. 107, 124 (1994). Ultimately, "[t]he plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." Cramer, 255 F.3d at 691. Specifically, the court must consider "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA. If the latter, the claim is preempted; if the former, it is not." Burnside, 491 F.3d at 1060 (internal citations omitted) (alteration in original); see also Cramer, 255 F.3d at 691-92 ("[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA.").

     The Ninth Circuit's decision in Young v. Anthony's Fish Grottos, Inc. is instructive here. 830 F.2d 993, 1001 (9th Cir. 1987). In Young, the court held that plaintiff's fraud claim was substantially dependent upon interpretation of the terms of a collective bargaining agreement and thus preempted by Section 301. Id. The plaintiff in Young was employed by the defendant under an oral employment contract whereby defendant promised that plaintiff could be discharged "only for just cause." Id. at 996. Independent of plaintiff's oral employment contract, defendant and plaintiff's union were under a collective bargaining agreement under which "an employee . . . can be discharged at [defendant employer's] sole discretion[, and more] senior employees can be discharged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | October 15, 2015 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

only for just cause." Id.  Following her employment termination, plaintiff brought a fraud claim against defendant for falsely representing that plaintiff could only be discharged for just cause. Id. at 996, 1001.  Although plaintiff insisted that her state tort claims for fraud and negligent misrepresentation resulted from oral representations and therefore did not inhere from the collective bargaining agreement, the court concluded that "[i]n order to prove misrepresentation, Young would be required to show that the terms of the CBA differed significantly from the terms of the individual contract.  As resolution of her misrepresentation claims would substantially depend on interpretation of the terms of the CBA, the claims [were] preempted." Id. at 1001.

As with plaintiff's claim in Young, resolution of Smith-Emery's claim for intentional misrepresentation and fraud will substantially depend upon interpretation of the terms of the CBA.  Smith-Emery's complaint alleges that Local 12 instructed the Trusts to "read [Smith-Emery's Agreement] to 'mirror' the master labor agreement." Compl. ¶ 18.  Crucially, Smith-Emery's complaint alleges that Local 12 "*misrepresented the definition of coverage under the CBA*". Id. ¶ 19 (emphasis added).  Therefore, as in Young, in order to demonstrate that Local 12 misrepresented the definition of coverage as alleged in the complaint, Smith-Emery must establish that the definition of coverage under the CBA differed from that under the master labor agreement.  Simply put, to resolve Smith-Emery's claim, the court must interpret, and not merely look to, the CBA. Burnside, 491 F.3d at 1060.

Plaintiff resists this conclusion and cites to a number of cases in support of its contention that federal subject-matter jurisdiction does not exist.  However, plaintiff's reliance upon these cases is misplaced, as each is distinguishable from the instant action.  For example, in Green v. Bimbo Bakeries USA, although the court held that adjudication of plaintiff's fraud claim did not require an interpretation of the collective bargaining agreement, the parties' dispute in that case did not require interpretation of terms within the CBA.  77 F. Supp. 3d 980, 988 (N.D. Cal. 2015) ("Whether [defendant's] agents or employees intentionally or negligently misrepresented the terms under which [plaintiff] could or would return to [defendant] does not require the Court to construe or interpret any provision of the CBA.  Defendant's mere pointing to the seniority and vacation terms of the CBA is insufficient, as *those provisions are clear and, more importantly, undisputed*." (emphasis added)).  Similarly, in Operating Engineers Pension Trust v. Wilson, plaintiff's fraud in the inducement claim was not preempted under Section 301

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | October 15, 2015 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

because the court did not need to reference the collective bargaining agreement itself. 915 F.2d 535, 539 (9th Cir. 1990) ("We hold that [plaintiffs'] state tort claim for fraud in the inducement is not preempted by section 301 because it does not require reference to the collective bargaining agreement."). In Cramer v. Consolidated Freightways, Inc., plaintiff's violation of privacy claim was not preempted because the court was required only to "look to" the agreement rather than "interpret" it. 255 F.3d at 695. Similarly, in Burnside v. Kiewit Pacific Corp., the court held that plaintiff's claim was not preempted because "the claims can be resolved by-at most-merely 'looking to' the CBAs." 491 F.3d at 1071.

Here, in contrast to the above-referenced cases upon which plaintiff relies, Smith-Emery's claim is premised upon defendant's misrepresentations of what plaintiff avers is the proper scope of coverage under the CBA. The Court will thus necessarily need to interpret the definition of coverage under the CBA in assessing plaintiff's claims. Accordingly, Smith-Emery's fraud claim is preempted by Section 301, as it is "substantially dependent on analysis of a collective-bargaining agreement." Burnside, 491 F.3d at 1059 (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987)).[1]

---

[1] Smith-Emery also argues that removal is improper because Local 12 is inappropriately attempting to raise federal subject matter jurisdiction by relying upon a collective bargaining agreement as part of its defense. Specifically, Smith-Emery argues that Local 12's opposition misstates the allegations in the complaint "by suggesting there was 'a misrepresentation of [the CBA].'" Reply at 3. Therefore, according to Smith-Emery, an interpretation of the CBA is not required because the dispute did not arise from an "incorrect interpretation of the correct contract," but rather from "[auditing] in accordance with the wrong contract." Id. The Court disagrees. Despite Smith-Emery's contentions to the contrary, the plain language of plaintiff's complaint clearly states that "the [Local 12] Union officer *misrepresented the definition of coverage under the CBA* with [Smith-Emery] to the auditor of the Trusts." Compl. ¶ 19. An interpretation of the definition of coverage under the CBA is therefore necessary to resolve plaintiff's claim. Thus, federal subject matter jurisdiction exists, and plaintiff's claim is preempted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | October 15, 2015 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

## V. CONCLUSION

In accordance with the foregoing, Smith-Emery's motion to remand is hereby **DENIED**.

IT IS SO ORDERED.

                                                                        00 : 00

Initials of Preparer      CMJ