UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-06367-CAS-AFM | Date | November 16, 2015 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

John Hunter                                           Hugo Tzec

**Proceedings:**   DEFENDANT'S MOTION TO DISMISS CASE (Docket #12, filed September 28, 2015)

## I.   INTRODUCTION

Plaintiff Smith-Emery Company ("plaintiff" or "Smith-Emery") filed this action against defendant International Union of Operating Engineers Local No. 12 ("defendant" or "Local 12") on July 10, 2015 in the Los Angeles Superior Court, asserting one claim for intentional misrepresentation and fraud.  See Compl.  On August 20, 2015, defendant removed the action to this Court on the basis of federal subject-matter jurisdiction pursuant to section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, *et seq*.  See Dkt. 1 (Notice of Removal).  On September 14, 2015, plaintiff filed a motion to remand the action to state court for lack of subject-matter jurisdiction.  See Dkt. 9.  The Court denied plaintiff's motion to remand on October 15, 2015.  Dkt. 18.

On September 28, 2015, defendant Local 12 filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as a request for judicial notice.[1]  See Dkts. 12, 13.  The hearing for the motion to dismiss was set for October 26,

---

[1] Defendant requests judicial notice of three documents: a copy of the complaint and the judgment entered in the action of Trustees of the Operating Engineers Pension Trust v. Smith-Emery Company in the United States District Court for the Central District of California, Case No. 2:09-cv-01476-CAS-VBK (respectively, Exs. A and B), as well as a copy of the oral argument calendar of the United States Court of Appeals for the Ninth Circuit for November 4, 2015 (Ex. C).  Dkt. 13, Request for Judicial Notice ("RJN").  Plaintiff has not objected to defendant's request for judicial notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-06367-CAS-AFM | Date | November 16, 2015 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

2015.  Dkt. 12.  On October 2, 2015, the parties stipulated to continue the hearing to November 16, 2015.  Dkt. 14.  Plaintiff filed an opposition to defendant's motion to dismiss on October 26, 2015.  Dkt. 19.  Defendant replied on November 2, 2015.  Dkt. 21.  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

This action arises out of an alleged fraudulent misrepresentation of the scope of work coverage under a collective bargaining agreement between plaintiff Smith-Emery and defendant Local 12 (the "CBA").  The complaint alleges that Smith-Emery is a California Corporation that employs building and construction inspectors to perform inspections of construction work.  Compl. ¶ 5.  Since 1969, Smith-Emery has employed a group of field inspectors represented by Local 12.  Id. ¶ 6.  Smith-Emery and Local 12 have been and continue to be parties to the CBA, which requires Smith-Emery to make contributions to various third-party trust funds ("the Trusts").  Id ¶¶ 14-15.  Smith-Emery's payments to the Trusts ultimately benefit Local 12's bargaining unit employees.  Id. ¶ 14.  The complaint further states that the particular amount of Smith-Emery's contributions to the Trusts is determined by work that is both performed by Local 12 employees within the scope of the CBA between Smith-Emery and Local 12.  Compl. ¶ 15.

Independent of its relationship with Smith-Emery, Local 12 is also a party to a separate master labor agreement with other employers (the "Master Labor Agreement," or "MLA"), many of them Smith-Emery's competitors.  Compl. ¶¶ 9-10.  The MLA governs the contribution obligations of these other employers.  Id. ¶ 9.  Smith-Emery alleges that (1) it has never been a signatory to the MLA, (2) it has no obligations under the MLA, and (3) it has always maintained a separate collective bargaining agreement with Local

---

Accordingly, the Court takes judicial notice of exhibits A, B, and C, as they are matters of public record.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  The Court does not, however, accept the documents for the truth of the matters asserted therein.  See Munguia v. Wells Fargo Bank, N.A., 2015 WL 1475996, at *1 n.1 (C.D. Cal. Mar. 30, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS-AFM | Date | November 16, 2015 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

12. Id. ¶ 10. In its complaint, Smith-Emery alleges that at various times, Local 12 has tried to expand the scope of the CBA "to mirror the scope of covered work" as defined in the Master Labor Agreement, of which Smith-Emery is not a party. Id. ¶ 13. Smith-Emery avers that it has repeatedly denied Local 12's proposals to expand the definition of work covered in the CBA. Id.

The instant dispute between Local 12 and Smith-Emery has its roots in a 2009 lawsuit (the "2009 Action"). In the 2009 Action, the Trusts sued Smith-Emery for breach of contract resulting from Smith-Emery's alleged failure to make benefit contributions to the Trusts as agreed upon in the CBA. See RJN, Ex. A. Smith-Emery alleges that during the course of the 2009 Action, it learned that a Local 12 officer had instructed the Trusts to "read [the CBA] to 'mirror' the master labor agreement." Compl. ¶ 18. Specifically, Smith-Emery alleges in the instant suit that Local 12 "misrepresented the definition of coverage under the CBA with [Smith-Emery]" to cover work classifications that were not defined in the CBA, but were covered under the MLA." Id. ¶¶ 19-21.

Furthermore, Smith-Emery contends in its complaint that Local 12's misrepresentations regarding the scope of the CBA "caused the Trusts to pursue legal action against [Smith-Emery] for alleged delinquent [benefit contributions] on work which is not and was never covered by the [CBA]." Compl. ¶ 22. Accordingly, in pursuing its claim for misrepresentation and fraud in the instant lawsuit, Smith-Emery seeks to recover from Local 12 damages, attorney's fees, and costs resulting from Smith-Emery's defense of the 2009 Action. Id. at p. 5 (Prayer for Relief).

## III. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-06367-CAS-AFM | Date | November 16, 2015 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-06367-CAS-AFM | Date | November 16, 2015 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

## IV. ANALYSIS

### A. Preemption under § 301 of the LMRA

In an action arising under section 301 of the Labor Management Relations Act, federal substantive law preempts state law in order to further the interest in uniform federal interpretation of collective bargaining agreements. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 209 (1985) ("[D]imensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute [so that] issues raised in suits of a kind covered by § 301 [are] to be decided according to the precepts of federal labor law policy.") (citing Teamsters v. Lucas Flour Co., 369 U.S. 95, 103 (1962)). Accordingly, section 301's preemptive force "has been broadly construed to cover most state law actions that require interpretation of labor agreements." Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1016 (9th Cir. 2000). "Such an analysis furthers the purpose of section 301 preemption doctrine 'that federal law will be the basis for interpreting collective-bargaining agreements,' while leaving undisturbed 'the substantive rights a State may provide to workers when adjudication of those rights does not depend upon the interpretation of such agreements.'" Milne Employees Ass'n v. Sun Carriers, 960 F.2d 1401, 1408 (9th Cir. 1991) (quoting Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 409 (1988)).

The Supreme Court has articulated a two-step inquiry for determining whether a state law claim is preempted under section 301. Lueck, 471 U.S. at 212-13 (1985); see also Burnside v. Kiewit Pacific Corp., 491 F.3d 1053, 1059 (9th Cir. 2007). The first inquiry involves determining "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, [and] not by a [collective bargaining agreement]." Burnside, 491 F.3d at 1059. "If the right exists solely as a result of the [collective bargaining agreement], then the claim is preempted, and our analysis ends there." Id. (citing Lueck, 471 U.S. at 212). However, if the right exists independently of the collective bargaining agreement, "we must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" Id. (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987)). Where the resolution of a state law claim is "substantially dependent upon analysis of the terms of [a collective bargaining agreement] made between the parties in a labor contract, that claim must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS-AFM | Date | November 16, 2015 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

either be treated as a § 301 claim, or dismissed as pre-empted." Lueck, 471 U.S. at 220 (internal citations omitted).

### B. Plaintiff's Claim for Intentional Misrepresentation and Fraud

In the instant motion, defendant moves to dismiss plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See Motion. Defendant argues that plaintiff fails to state a claim upon which relief can be granted because plaintiff's sole claim for intentional misrepresentation and fraud is preempted by section 301 of the LMRA. Id. at 2. The Court addresses below whether plaintiff's claim for intentional misrepresentation and fraud is preempted by section 301 of the LMRA under the two-step inquiry articulated in Lueck.

#### 1. Right Conferred by State Law

Under the first inquiry, to determine whether a right is conferred upon by state law or by a collective bargaining agreement, the court must consider the "*legal* character of a claim, as 'independent' of rights under the collective-bargaining agreement [and] not whether a grievance arising from 'precisely the same set of facts' could be pursued." Burnside, 491 F.3d at 1060 (citation omitted) (emphasis in original). "A claim brought in state court on the basis of a state-law right that is 'independent of rights under the collective-bargaining agreement,' will not be preempted, even if 'a grievance arising from "precisely the same set of facts" could be pursued.'" Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005) (quoting Livadas v. Bradshaw, 512 U.S. 107, 123 (1994)). Additionally, "reliance on the CBA as an aspect of a defense is not enough to 'inject[ ] a federal question into an action that asserts what is plainly a state-law claim.'" Burnside, 491 F.3d at 1060 (quoting Caterpillar, 482 U.S. at 398-99).

Here, plaintiff Smith-Emery contends that its claim for intentional misrepresentation and fraud is not preempted under this inquiry because the claim arises under state law. Opp'n at 11. As to this question, the Court agrees with plaintiff. Because plaintiff seeks its remedy under California law through its state law tort claim for intentional misrepresentation and fraud, the right therefore does not "exist[] solely as a result of the [collective bargaining agreement]." Burnside, 491 F.3d at 1060 (citing Lueck, 471 U.S. at 212). However, the Court's analysis does not end there, as the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS-AFM | Date | November 16, 2015 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

must also consider, under the second inquiry, whether the claim is substantially dependent upon analysis of the collective bargaining agreement. Id.

### 2. Dependency upon Analysis of the CBA

Under the second inquiry, if resolution of a state law claim requires an interpretation of the terms of a collective bargaining agreement, then the claim is substantially dependent upon the collective bargaining agreement and is therefore preempted under section 301. Burnside, 491 F.3d at 1060; Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 693 (9th Cir. 2001), cert. denied 534 U.S. 1078 (2002). On the other hand, if the "meaning of contract terms is not the subject of dispute, the bare fact that a collective bargaining agreement will be consulted in the course of the state-law litigation" does not result in preemption. Livadas, 512 U.S. at 124. Ultimately, "[t]he plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." Cramer, 255 F.3d at 691. Specifically, the court must consider "whether the claim can be resolved by 'look[ing] to' versus interpreting the CBA. If the latter, the claim is preempted; if the former, it is not." Burnside, 491 F.3d at 1060 (internal citations omitted) (alteration in original); see also Cramer, 255 F.3d at 691-92 ("[A]lleging a hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim: adjudication of the claim must require interpretation of a provision of the CBA."). Thus, "[a] state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." Cramer, 255 F.3d at 693.

The Ninth Circuit's decision in Young v. Anthony's Fish Grottos, Inc. is instructive here. 830 F.2d 993, 1001 (9th Cir. 1987). The court in Young held that plaintiff's fraud claim was substantially dependent upon interpretation of the terms of a collective bargaining agreement and thus preempted by section 301. Id. The plaintiff in Young was employed by the defendant under an oral employment contract whereby defendant promised that plaintiff could be discharged "only for just cause." Id. at 996. Independent of plaintiff's oral employment contract, defendant and plaintiff's union were under a collective bargaining agreement under which "an employee . . . can be discharged at [defendant employer's] sole discretion[, and more] senior employees can be discharged only for just cause." Id. Following her employment termination, plaintiff brought a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-06367-CAS-AFM | Date | November 16, 2015 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

fraud claim against defendant for falsely representing that plaintiff could only be discharged for just cause. Id. at 996, 1001. Although plaintiff insisted that her state tort claims for fraud and negligent misrepresentation resulted from oral representations and therefore did not inhere from the collective bargaining agreement, the court concluded that "[i]n order to prove misrepresentation, Young would be required to show that the terms of the CBA differed significantly from the terms of the individual contract. As resolution of her misrepresentation claims would substantially depend on interpretation of the terms of the CBA, the claims [were] preempted." Id. at 1001.

As with the plaintiff's claim in Young, resolution of plaintiff Smith-Emery's sole claim for intentional misrepresentation appears to substantially depend upon interpretation of the scope of coverage under the CBA. Under California law, the "essential elements of a count for intentional misrepresentation are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." Chapman v. Skype Inc., 220 Cal. App. 4th 217, 230-31 (2013) (citation omitted). With respect to the first element—misrepresentation—defendant argues that plaintiff Smith-Emery "cannot simply allege that Local 12 *misrepresented* the work coverage [under the CBA] and then avoid an interpretation of what that scope of coverage [actually] is under the CBA." Motion at 7 (emphasis added). Rather than "merely 'looking'" to the CBA, defendant contends that the alleged "misrepresentation of the definition of work coverage would [thus] require [p]laintiff to analyze the CBA in proving its case." Id.

Based on the allegations in the complaint, as currently pled, the Court agrees with defendant Local 12. On its face, plaintiff's complaint implicates the CBA by alleging that Local 12 "*misrepresented the definition of coverage under the CBA.*" to cover work classifications that were not defined in the CBA, but were covered under the MLA. Compl. ¶ 19 (emphasis added). Specifically, Smith-Emery alleges that during the course of the 2009 Action, it learned that a Local 12 officer had allegedly instructed the Trusts to "*read [the CBA] to 'mirror' the master labor agreement*." Id. ¶ 18 (emphasis added). Therefore, as in Young, in order for plaintiff to demonstrate that Local 12 misrepresented the definition of coverage as alleged in the complaint, plaintiff must establish that the definition of coverage under the CBA differed from that under the MLA. Simply put, to resolve plaintiff's misrepresentation claim, the Court must interpret, rather than look to, the CBA. Burnside, 491 F.3d at 1060.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-06367-CAS-AFM | Date | November 16, 2015 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

Plaintiff resists this conclusion, arguing that its intentional misrepresentation claim is not preempted because resolution of its claim does not require an interpretation of the terms of the CBA. In its opposition, plaintiff relies upon the Ninth Circuit's decision in Milne Employees Ass'n v. Sun Carriers, 960 F.2d 1401 (9th Cir. 1992). In Milne, management for the defendant-employer, a trucking company, had "allegedly made speeches and presented videotapes promising the employees job security, asking them to have faith in the group controlling [one of the defendant-entities], and asking them to refrain from seeking other employment." Id. at 1405. Defendant-employer also sold two "terminals but represented the sales to employees as a 'revamping' or as a 'blend[ing]' of operations" with other terminals. Id. Later, after defendant-employer closed all of its locations, liquidated its assets, and began terminating its employees, plaintiff, an employee association, claimed that defendant-employer's prior actions "were 'efforts to deceive, mislead and conceal' from [their] employees [the] Employer's true intentions to liquidate the company." Id. Accordingly, plaintiff brought an action that included, *inter alia*, a claim for fraud and misrepresentation against defendant. Id. Following removal of the action, the district court concluded that plaintiff's misrepresentation claim was preempted by section 301. Id. at 1407.

On appeal, plaintiff argued that its state law claims, including its misrepresentation claim, were not completely preempted by section 301 and, thus, that the district court had improperly exercised jurisdiction over the suit. Id. The Ninth Circuit agreed and reversed the district court, finding plaintiff's fraud and misrepresentation claims not to be preempted under section 301 because resolution of plaintiff's claim, which was largely based upon defendant's various oral misrepresentations, did not require an interpretation of specific terms in the CBA. Id. at 1401. The Court looked to the first three elements of the fraud claim—misrepresentation, knowledge of falsity, and intent to defraud—and concluded that resolution of these elements "does not require interpretation of the employees' collective bargaining agreements." Id. at 1408. Instead, the Court explained, resolution "turns on [defendant's] state of mind and involves 'purely factual questions pertain[ing] to . . . the conduct and motivation of the employer." Id. (quoting Lingle, 486 U.S. at 407 (alteration in original)).

The same reasoning applies in the instant action, according to plaintiff Smith-Emery, because the question of whether defendant Local 12 made a false representation regarding the scope of the CBA involves "purely" factual questions, as in Milne, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS-AFM | Date | November 16, 2015 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

therefore does not require the court to reference or otherwise interpret the CBA. See Opp'n at 9. Plaintiff's argument misses the mark. First, the allegations in plaintiff's complaint, as currently pled, distinguish this case from Milne. It is true, as plaintiff contends, that the Ninth Circuit in Milne handily rejected the defendant-employer's argument that establishing the misrepresentation claim "require[d] interpretation of the collective bargaining agreements, thus triggering preemption under section 301." Milne, 960 F.2d at 1409. However, the Court did so because to resolve the various claims, "it would have no occasion to interpret the collective bargaining agreement itself, in part because these fraud claims do not originate in *or refer to* rights and duties derived from the collective bargaining agreement." Id. (emphasis added) (noting that there was "no provision or term [in the CBA] which arguably conflict[ed] with [defendant's] promises regarding its continued operations and employee job security[] that would call for interpretation"). Here, in contrast, Smith-Emery alleges that a Local 12 officer improperly instructed the Trusts to "read [the CBA] to 'mirror' the master labor agreement" and "*misrepresented the definition of coverage under the CBA*." See Compl. Id. ¶¶ 18-21. Thus, the Court will likely be "require[d] to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." Cramer, 255 F.3d at 693.

Second, in advancing these arguments in opposition to the instant motion, plaintiff cites to testimony from the 2012 trial in the 2009 Action during which a witness stated that a Local 12 union officer once "told [the testifying witness] that the contract with Smith-Emery Company mirrored the master labor agreement." See Opp'n at 9-10 (citing Dkt. 19-1 (Declaration of John Logan Hunter), Ex. A.). According to plaintiff, this statement contrasted with a previous Local 12 representation from a December 2004 letter, which plaintiff attaches to a declaration submitted in opposition to the instant motion, but does not reference in or attach to the complaint. Id. at 10 (citing Declaration of John Logan Hunter, Ex. B). For purposes of the instant motion, the Court cannot consider material outside of the complaint, such as facts presented in briefs, affidavits, or discovery materials. In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d at 1537. Any such factual allegations must be properly pled in the complaint itself, and are accordingly not considered by the Court here.

## V.    CONCLUSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-06367-CAS-AFM | Date | November 16, 2015 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

In accordance with the foregoing, the Court finds plaintiff's sole state law claim for intentional misrepresentation and fraud, as currently pled in the complaint, to be preempted by section 301 of the Labor Management Relations Act. The Court therefore **GRANTS** defendant's motion to dismiss without prejudice.

Plaintiff shall have until and including **Monday, December 14, 2015**, to file an amended complaint.

IT IS SO ORDERED

|  | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | | CL | |