UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| John Hunter | Hugo Tzec | |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS CASE (Dkt. 29, filed January 15, 2016)

ORDER REMANDING THIS ACTION TO THE LOS ANGELES COUNTY SUPERIOR COURT

## I.  INTRODUCTION

Plaintiff Smith-Emery Company ("plaintiff" or "Smith-Emery") filed this action against defendant International Union of Operating Engineers Local No. 12 ("defendant" or "Local 12") on July 10, 2015 in the Los Angeles Superior Court, asserting a single claim for intentional misrepresentation and fraud.  See Dkt. 1.  On August 20, 2015, defendant removed the action to this Court on the grounds that plaintiff's sole claim was preempted by Section 301(a) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, et seq.  See Dkt. 1 (Notice of Removal).  On September 14, 2015, plaintiff filed a motion to remand the action to state court for lack of subject matter jurisdiction. See Dkt. 9.  In an order dated October 15, 2015, the Court denied plaintiff's motion to remand.  Dkt. 18.[1]

On September 28, 2015, defendant Local 12 filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Dkt. 12.  In an order dated November 16, 2015, the Court dismissed plaintiff's complaint without prejudice on the grounds that plaintiff's sole claim for intentional misrepresentation and fraud, as pled in the original

---

[1] See Smith-Emery Co. v. Int'l Union of Operating Engineers Local No. 12, No. cv-06367CAS-AFM, 2015 WL 6907735 (C.D. Cal. Oct. 15, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | May 16, 2016 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

complaint, was preempted by LMRA Section 301 because resolution of the claim would likely require the Court "to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute."[2] Dkt. 22 (Order on Def.'s Motion to Dismiss) (quoting Cramer v. Consolidated Freightways, Inc., 255 F.3d 683, 693 (9th Cir. 2001) (en banc), cert. denied 534 U.S. 1078 (2002)).[3] On December 14, 2015, plaintiff filed the operative First Amended Complaint ("FAC"). Dkt 23.

On January 15, 2016, defendant filed the instant motion to dismiss plaintiff's FAC. Dkt. 29 ("Motion"). On February 1, 2016, plaintiff filed an opposition to the instant motion. Dkt. 31 ("Opp'n"). On February 8, 2016, defendant filed a reply. Dkt. 36 ("Reply"). On February 22, 2016, the Court held a hearing on the instant motion and conferred with counsel. Dkt. 38. Following the hearing, the Court stayed the instant action pending a decision from the Ninth Circuit regarding Smith Emery's petition for panel rehearing of the Ninth Circuit's December 16, 2015 Memorandum Disposition in a related case, first filed in 2009 ("the 2009 action"). Dkt. 38 (Civil Minutes). On March 23, 2016, the Ninth Circuit denied Smith-Emery's petition for panel rehearing in the related case. See Dkt. 40.

On May 16, 2016, the Court provided the parties with a tentative order and held oral argument on the instant motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[2] The Court notes that dismissal of state law claims as preempted by LMRA Section 301 does not *necessarily* leave a plaintiff without remedy, as these preempted state law claims may, in certain circumstances, be re-pled under Section 301. See Wilkinson v. Safeway Stores, Inc., 879 F.2d 866 (9th Cir. 1989) ("Although we conclude that all of Wilkinson's state law claims are preempted, that does not leave Wilkinson without a remedy. The dismissal of this action alone does not impair Wilkinson's ability to sue under § 301.").

[3] See Smith-Emery Co. v. Int'l Union of Operating Engineers Local No. 12, No. Cv-06367-CAS-AFM, 2015 WL 7259742 (C.D. Cal. Nov. 16, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | May 16, 2016 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

## II.   BACKGROUND

The First Amended Complaint contains the following factual allegations, which the Court accepts as true for purposes of the instant motion:

Plaintiff Smith-Emery is a California Corporation that employs licensed building construction inspectors ("BCI's") to perform inspection of construction work. FAC at ¶¶ 1, 4. Defendant International Union of Operating Engineers Local No. 12 is a labor union. Id. at ¶2. According to the FAC, in 1969 the National Labor Relations Board ("NLRB") certified "[a]ll field inspectors in [Smith-Emery's] Los Angeles physical testing department, including deputy concrete inspectors, deputy structural steel inspectors, and deputy masonry inspectors." Id. at ¶ 5. The NLRB's certification ("NLRB certification") specifically excluded "[a]ll office clerical employees, professional employees, laboratory employees, guards, and supervisors as defined in the [National Labor Relations] Act." Id. at ¶ 6.

Smith-Emery alleges that for many years it has paid into various pensions and trusts ("the Trusts") established for its workers under the work classifications identified in the NLRB certification. Id. at ¶ 7. The Trusts to which Smith-Emery makes contributions are entitled to audit Smith-Emery for compliance. Id. at ¶ 9. The FAC alleges that at an unspecified point in time, one of Local 12's "Business Agent[s]" named "Mr. Billy" allegedly instructed the Trusts' in house auditor, "Mr. Babel," to conduct an audit of Smith-Emery that would include individuals who (1) "are not employed by Smith-Emery," (2) "are not on the Smith-Emery Company payroll," (3) "did not and have not performed Building Construction Inspection Services," and (4) "are not members of the Local 12 Union." Id. at ¶ 10. According to the FAC, the Local 12 Union "intended or had reason to expect that Mr. Babel would act upon the Union['s] instruction" and that the Trustees of the Trusts would accordingly sue Smith-Emery "for delinquent benefits which," the FAC alleges, Smith-Emery "is not obligated to pay." Id. at ¶ 11.

Ultimately, the Trusts did, in fact, conduct the audit to include those categories of individuals suggested by Local 12. Id. at ¶ 12. In 2009, the Trusts, having obtained Smith-Emery's payroll for audit, filed a complaint against Smith Emery in the United States District Court for the Central District of California alleging that Smith-Emery had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | May 16, 2016 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

failed to comply with the Trusts' audit requests. See Trustees of Operating Engineers Pension Trust v. Smith-Emery Co., No. cv 09-1476-CAS-VBK, 2013 WL 3367512 (C.D. Cal. July 5, 2013), rev'd and remanded on denial of rehearing, No. 13-56708, 2016 WL 1128293 (9th Cir. Mar. 23, 2016).

In the instant action, Smith-Emery alleges that Local 12's "misrepresentations to the Trusts and the Trusts' reliance thereon caused the Trusts to pursue [the 2009] legal action against [Smith-Emery] for alleged delinquent claims, which [then] required [Smith-Emery] to employ legal counsel to defend at a cost exceeding $2.1 million." Id. at ¶ 14. Smith-Emery avers that these costs are "recoverable as damages resulting from the misrepresentations made by the Local 12 Union." Id. Notably, the FAC does not precisely specify what Local 12's "misrepresentations" were, although the FAC appears to allege that the misrepresentations involve "Mr. Billy's" suggestion to "Mr. Babel" regarding the proper scope of the Trusts' audit of Smith-Emery.

The FAC also lists various other "false accusations" that the Trusts asserted in the 2009 federal district court action. See id. at ¶ 15. Ultimately, the FAC alleges that "Local 12's alleged misrepresentations were intended . . . to cause financial injury to [Smith-Emery] and were carried out with a conscious disregard of [Smith-Emery's] rights." Id. at ¶ 16. Specifically, Local 12's alleged "fraud and misrepresentation" subjected Smith-Emery "to unjust financial hardship . . . in conscious disregard" of Smith-Emery's rights. Id.

### III. LEGAL STANDARD

#### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Polic Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | May 16, 2016 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### III. DISCUSSION

In the instant motion, defendant Local 12 argues that this action must be dismissed with prejudice on three separate grounds: first, because this action consists of one claim that is purportedly based upon rights or duties derived from—and that therefore "requires an analysis" of—a collective bargaining agreement ("CBA") between Local 12 and Smith-Emery, such that the sole claim is preempted by LMRA Section 301; second, because the decisions of this Court and the Ninth Circuit in the 2009 action between the Trustees and Smith-Emery "determined issues that are at the core" of this action, such that collateral estoppel bars Smith-Emery's continued pursuit of this action; and third, because the operative FAC fails to state a claim for intentional misrepresentation based upon the standards articulated in Twombly and Iqbal.

In the discussion that follows, the Court first turns to the question of Section 301 preemption. For reasons explained below, the Court concludes that plaintiff's sole claim is not preempted as currently pled, and accordingly the instant action must be remanded to superior court for further proceedings.

#### A. Removal based upon LMRA Section 301 Preemption

Title 28 U.S.C. § 1441(a) provides that a defendant may remove from state to federal court any civil action over which the district court would have had original jurisdiction. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal jurisdiction exists only if the federal question appears on the face of the plaintiff's 'well-pleaded complaint.' " Milne Employees Ass'n v. Sun Carriers, 960 F.2d 1401, 1406 (9th Cir. 1991) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)).

But "there is a corollary to the well-pleaded complaint rule under the 'complete preemption' doctrine, 'applied primarily under § 301 of the LMRA.' " Lopez v. Fox Television Animation, Inc., 76 F. App'x 769, 771 (9th Cir. 2003) (quoting Balcorta v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | May 16, 2016 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

Twentieth Century Fox Film Corp., 208 F.3d 1102, 1107 (9th Cir. 2000)). Under this exception, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Caterpillar, 482 U.S. at 393. With respect to the propriety of removal based upon Section 301 preemption, the Ninth Circuit has explained that

> Plaintiffs cannot avoid removal by "artfully pleading" only state law claims that are actually preempted by federal statutes such as section 301 of the Labor Management Relations Act. [Citation.] Thus, *if a state law claim is completely preempted by a federal statute such as section 301, the state law cause of action necessarily becomes a federal one and can be removed.*

Milne, 960 F.2d at 1406 (emphasis added).

In light of the foregoing standards, defendant Local 12 removed this action to federal court on the ground that plaintiff's sole claim was preempted by LMRA Section 301. Indeed, the Court's prior order found plaintiff's intentional misrepresentation claim, as pled in the original complaint, to be preempted by Section 301. See Dkt. 22 (order dismissing original complaint). As the Court explained, plaintiff's original complaint "[o]n its face . . . implicate[d] the CBA by alleging that Local 12 *'misrepresented the definition of coverage under the CBA'* to cover work classifications that were not defined in the CBA, but were covered" under another labor agreement. Id. at 8 (citing Original Complaint at ¶ 19) (emphasis added). "Simply put," the Court continued, in order "to resolve plaintiff's misrepresentation claim, the Court must interpret, rather than look to, the CBA." Id.; see also Cramer, 255 F.3d at 693 ("A state law claim is not preempted under § 301 unless it necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute.").

However, "[t]he demarcation between preempted claims and those that survive § 301's reach is not . . . a line that lends itself to analytical precision." Cramer, 255 F.3d at 691. Indeed, " '[s]ubstantial dependence' on a CBA is an inexact concept, turning on the specific facts of each case, and the distinction between 'looking to' a CBA and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | May 16, 2016 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

'interpreting' it is not always clear or amenable to a bright-line test." Id. Plaintiff's First Amended Complaint, unlike the original complaint in this action, does not make clear what alleged misrepresentation forms the basis of plaintiff's claim for intentional misrepresentation. Indeed, the FAC no longer references any CBA at all, appearing instead to allege that defendant's misrepresentation involved a Local 12 business agent's false assertion regarding the proper scope of the Trusts' audit of Smith-Emery. FAC at ¶¶ 10, 11, 14.

It is "well-established" that an amended complaint, like the FAC here, "supersedes the original, the latter being treated thereafter as non-existent." Valadez-Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011) (citing Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997)). Nonetheless, defendant contends "that through the incorporation-by-reference doctrine this Circuit will consider, on a motion to dismiss, any document that plaintiff deliberately avoided referencing or attaching to the complaint for the purpose of avoiding [Rule 12(b)(6)] dismissal." Motion at 7 (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998) (If "a plaintiff's claims are predicated upon a document, the defendant may attach the document to his Rule12(b)(6) motion, even if the plaintiff's complaint does not explicitly refer to it. . . . We hold that a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."). According to defendant, because the allegations "in the original complaint are inextricably tied to [Smith-Emery's] cause of action" for intentional misrepresentation, the Court should "take judicial notice of the original complaint under the incorporation-by-reference doctrine" and conclude that plaintiff is simply "attempt[ing] to make superficial changes to the complaint" in order to "mask the substantive derivation" of this action. Motion at 9.

The Court is unpersuaded by defendant's contention that plaintiff's claim in the FAC, as currently pled, must be dismissed as preempted by Section 301 due to allegations in plaintiff's original complaint and the Court's dismissal of that complaint. Contrary to defendant's assertions, it is entirely possible that plaintiff—having learned that its claim will be preempted by Section 301 should it require substantive *interpretation* of a CBA—has substantively amended its pleadings and thereby premised the claim for misrepresentation upon modified factual allegations (for example,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | May 16, 2016 |
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

allegations that Local 12 misrepresented the proper scope of the Trusts' *audit*, irrespective of any disputed or ambiguous language in a collective bargaining agreement). Simply put, because resolution of Smith-Emery's claim *as currently pled in the operative complaint* does not require interpretation of any labor agreement, § 301 of the LMRA does not completely preempt that claim. C.f. Dall v. Albertson's, Inc., 234 F. App'x 446, 449 (9th Cir. 2007) ("Section 301 preemption is an exception to the well-pleaded complaint rule only where *the face of the complaint shows* a § 301 issue requiring interpretation of a CBA.") (emphasis added). In the absence of complete preemption, no federal question jurisdiction exists, and the Court accordingly lacks subject-matter jurisdiction over this action.[4]

      That is not to say that plaintiff's claim for intentional misrepresentation may not ultimately prove to be preempted by Section 301. As the California Court of Appeal for the Second District has explained, "[w]hen a federal court . . . remand[s] . . . , it does nothing more than determine the complaint fails, either directly or by operation of the 'artful pleading' doctrine, to state a question [that] aris[es] under [or is completely preempted by] federal law. It does not determine whether a preemption defense can be successfully offered in state court when the entire case is considered." Moreau v. San Diego Transit Corp., 210 Cal. App. 3d 614, 621 (Ct. App. 1989). In Moreau, for example, the Court of Appeal affirmed the superior court's finding that a state law claim *was* preempted by LMRA Section 301, even though a federal district court had remanded the action on the ground that it appeared *not to be* preempted by federal law, based upon the allegations in the complaint. See id. at 619-20; see also United Airlines, Inc. v. Superior Court, 234 Cal. App. 3d 1085, 1090 (Ct. App. 1991) ("The exercise of a federal district court's unreviewable power to remand claims to state court, of course, is not necessarily the same as a determination of whether those claims on their merits—even

---

    [4] The Court notes that it has a sua sponte obligation to confirm that it has subject matter jurisdiction. Nevada v. Bank of Am. Corp., 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . .'" (quoting Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002)); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'   JS-6

| Case No. | 2:15-cv-06367-CAS(AFMx) | Date | May 16, 2016 |
|---|---|---|---|
| Title | SMITH-EMERY CO. V. INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL NO. 12 | | |

though not removable to federal court—would nonetheless be preempted by federal law if asserted by way of defense in state court.").

Having determined that plaintiff's sole claim in this action is not preempted by Section 301—and because there is no alternative basis for this court to exercise jurisdiction—the Court concludes that this matter is appropriately remanded to state court for further proceedings. In remanding the action, the Court does not reach the merits of defendant's arguments in the instant motion regarding the collateral estoppel effect on this case of the 2009 action between the Trustees and Smith-Emery. See Trustees of Operating Engineers Pension Trust v. Smith-Emery Co., No. cv 09-1476-CAS-VBK, 2013 WL 3367512 (C.D. Cal. July 5, 2013), rev'd and remanded on denial of rehearing, No. 13-56708, 2016 WL 1128293 (9th Cir. Mar. 23, 2016). Nor does the Court here consider whether the operative First Amended Complaint sufficiently states a claim for intentional misrepresentation under California law.[5]

## IV.   CONCLUSION

In accordance with the foregoing, the Court **REMANDS** this action to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |

---

[5] Under California law, the "essential elements of a count for intentional misrepresentation are (1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." Chapman v. Skype Inc., 220 Cal. App. 4th 217, 230-31 (2013) (citation omitted).